IT IS ORDERED

Date Entered on Docket: April 20, 2022



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

PHILLIP PRICE MADRON,   Case No. 22-10099-t7

    Debtor.

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND ORDERING ABANDONMENT OF ESTATE PROPERTY

This matter came before the Court upon the stipulation of creditor Valley Bank of Commerce ("VBC"), creditor Momentum Capital Funding, LLC ("Momentum"), Chapter 7 Trustee Yvette Gonzales (the "Trustee") and debtor Phillip Price Madron (the "Debtor") as shown by the signature of their respective counsel below. The Court, having reviewed the record and being sufficiently advised, hereby FINDS:

    A.    This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 362 and 554, 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 4001(a).

    B.    Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

C. Phillip Price Madron (the "Debtor") commenced this voluntary chapter 7 bankruptcy case (the "Bankruptcy Case") on February 2, 2022 (the "Petition Date").

D. On February 7, 2022, Yvette J. Gonzales (the "Trustee") was appointed as Chapter 7 Trustee.

E. VBC is a secured creditor in this Bankruptcy Case.

F. Momentum is a secured creditor in this Bankruptcy Case.

G. On February 15, 2022, VBC filed Creditor Valley Bank of Commerce's Motion for Relief From the Automatic Stay and for Abandonment of Property (the VBC Stay Motion") (Doc. No. 19).

H. On February 16, 2022, Momentum filed Creditor Momentum Capital Funding, LLC's Motion for Relief From the Automatic Stay and for Abandonment of Property (Doc. No. 20) (the "Momentum Stay Motion").

I. On February 22, 2022, VBC filed and served a notice of deadline to object to the VBC Stay Motion (Doc. No. 23), providing for an objection deadline of 21 days from the date of service of the notice, plus three days.

J. On February 23, 2022, Momentum filed and served a notice of deadline to object to the Momentum Stay Motion (Doc. No. 24), providing for an objection deadline of 21 days from the date of service of the notice, plus three days.

K. Notice of the VBC Stay Motion and the Momentum Stay Motion were sufficient in form and content.

L. On March 8, 2022, the Debtor filed a limited objection to the VBC Stay Motion (Doc. No. 30) and an objection to the Momentum Stay Motion (Doc. No. 31).

M. On March 17, 2022, the Trustee filed an objection to the Momentum Stay Motion (Doc. No. 33).

N. On March 18, 2022, Momentum filed a limited objection to the VBC Stay Motion (Doc. No. 35).

O. No other objections were filed, timely or otherwise.

P. The objections filed by the Debtor, the Trustee, and Momentum are resolved by this Order.

Q. The Court being advised of all parties' approval of this Order; and the Court having considered the VBC Stay Motion and the Momentum Stay Motion, now enters this Order.

IT IS THEREFORE ORDERED:

1. The VBC Stay Motion is granted as set forth herein.

2. The Momentum Stay Motion is granted in part, as set forth herein.

3. The automatic stay is hereby modified to permit VBC and Momentum to exercise their non-bankruptcy law rights and remedies to the extent needed to obtain an *in rem* judgment in the action captioned *Valley Bank of Commerce v. Phillip Madron, et al.*, Case No. D-503-CV-2021-00673 (the "Guadalupe Foreclosure Action"), dispose of the Guadalupe Property[1], the Denise Property, and the Leanne Property as ordered by the state court judge, and apply the proceeds of the sale in accordance with applicable non-bankruptcy law.

4. The Trustee is deemed to have abandoned the Guadalupe Property, the Denise Property, and the Leanne Property pursuant to 11 U.S.C. § 554(b) as of the date this Order is entered.

---

[1] All capitalized but undefined terms are assigned the definitions set forth in the VBC Stay Motion.

5. The automatic stay is hereby modified to permit VBC to exercise its non-bankruptcy law rights and remedies to the extent needed to obtain an *in rem* judgment in the action captioned *Valley Bank of Commerce v. Phillip Madron*, Case No. D-1215-CV-2021-00615 (the "Cloudcroft Foreclosure Action"), dispose of the Cloudcroft Property as ordered by the state court judge, and apply the proceeds of the sale in accordance with applicable non-bankruptcy law.

6. The Trustee is deemed to have abandoned the Cloudcroft Property pursuant to 11 U.S.C. § 554(b) as of the date this Order is entered.

7. The automatic stay is hereby modified to permit VBC to exercise its non-bankruptcy law rights and remedies to the extent needed to file a foreclosure action, dispose of the Pecos Highway Property as ordered by the state court judge, and apply the proceeds of the sale in accordance with applicable non-bankruptcy law.

8. If the Pecos Highway Property is part of the bankruptcy estate, the Trustee is deemed to have abandoned the Pecos Highway Property pursuant to 11 U.S.C. § 554(b) as of the date this Order is entered.

9. The automatic stay is hereby modified, to the extent needed, to permit VBC to proceed against all defendants other than the Debtor in the action captioned *Valley Bank of Commerce v. Harper-Madron Realty Trust, LLC et al.*, Case No. D-503-CV-2021-00745 (the "Harper-Madron Foreclosure Action").

10. The automatic stay is not modified to permit any act by VBC or Momentum to collect any deficiency or other obligation as a personal liability of the Debtor.

11. This Order does not waive VBC's or Momentum's claim against the Estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the collateral. VBC and Momentum may filed amended proofs of claims this Bankruptcy Case within thirty (30) days

after a foreclosure sale(s), should they claim that Debtor owes any amount after the sale of the collateral.

12. The Debtor shall turn over the keys to the Guadalupe Property to counsel for VBC within forty five (45) days of entry of this Order and will cooperate with any party needing access to the Guadalupe Property in conjunction with efforts related to its subsequent sale.

13. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

14. This Order is not stayed as provided by Fed. R. Bankr. P. 4001(a)(3).

15. This Order does not resolve, and the Court is reserving judgment on the remaining relief requested by Momentum in the Momentum Stay Motion.

*** END OF ORDER ****

Submitted by:

WALKER & ASSOCIATES, P.C.

By: *s/filed electronically 04/18/2022*
    Thomas D. Walker
    500 Marquette Ave., NW, Suite 650
    Albuquerque, NM 87102
    (505) 766-9272
    (505) 766-9287 (fax)
    twalker@walkerlawpc.com
*Attorneys for Valley Bank of Commerce*

Approved:

ASKEW & WHITE, LLC

By: *Approved via email 4/15/2022*
    Daniel A. White
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    Telephone: 505.433.3097
    Facsimile: 505.717.1494
    dwhite@askewwhite.com
*Counsel for Chapter 7 Trustee*

MCWHORTER, COBB & JOHNSON, LLC

By: *Approved via email 4/15/2022*
    Todd J. Johnston
    State Bar No. 148189
    CA ID No. 16036
    P. O. Box 2547
    Lubbock, Texas 79408
    (806) 762-0214 - Telephone
    (806) 762-8014 – Facsimile
    *E-Mail: tjohnston@mcjllp.com*
*Attorneys for Momentum Capital Funding, LLC*

NEPHI D. HARDMAN ATTORNEY AT LAW, LLC

By: *Approved via email 4/18/2022*
    Nephi D. Hardman, Esq.
    9400 Holly Ave NE Bldg. 4
    Albuquerque, NM 87109
    Ph: (505) 944-2494
    Fax: (505) 392-5177
    nephi@turnaroundbk.com
*Counsel for Debtor*